Filed 12/23/24  In re D.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D084844 |
| Plaintiff and Respondent, | (Super. Ct. No. NJ015868) |
| v. | |
| D.M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Nadia J. Keilani, Judge.  Conditionally reversed and remanded with directions.

Michelle D. Pena, under appointment by the Court of Appeal, for Defendant and Appellant D.M., Father.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Indra N. Bennett, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION

D.M. (Father) appeals from a juvenile court order terminating his parental rights. (Welf. & Inst. Code, § 366.26.)[1] His sole contention on appeal is that the San Diego County Health and Human Services Agency (Agency) did not comply with its inquiry duty under the Indian Child Welfare Act (ICWA; 25 USC § 1901et seq.) and California ICWA (§ 224.2).

Specifically, Father contends the Agency did not adequately inquire as to the paternal grandfather's heritage. The Agency inquired of the paternal grandmother and Father, but did not inquire of the paternal grandfather or two paternal aunts. The Agency concedes that the record does not contain sufficient inquiry regarding the paternal grandfather's heritage and that this constitutes error warranting conditional reversal.

Because the record does not contain substantial evidence to support the juvenile court's findings that ICWA did not apply and its implied finding that proper and adequate inquiry had been made, we conditionally reverse the order terminating parental rights with a limited remand for the Agency to comply with ICWA and section 224.2. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141.)

DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for compliance with the inquiry and notice requirements of sections 224.2. If the juvenile court thereafter finds a proper and adequate inquiry and due diligence has been conducted and concludes that ICWA does not apply (§ 224.2, subd. (i)(2)), then the court shall reinstate the order terminating parental rights. If the

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

juvenile court concludes ICWA applies, then it shall proceed in conformity with ICWA and California implementing provisions.  (See 25 USC § 1912(a); Welf. & Inst. Code, §§ 224.2, subd. (i)(1), 224.3, 224.4.)  Remittitur shall issue immediately.

                                                    BUCHANAN, J.

WE CONCUR:

IRION, Acting P. J.

DO, J.